## THOS. FLEMING ET UX. v. PENNSYLVANIA R. CO.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO 2 OF PHILADELPHIA COUNTY.

Argued April 7, 1890—Decided May 5, 1890.

Where a laborer, employed by contractors in the widening of the roadbed of a railroad company, is killed in the course of his employment by the negligence of the company's employees operating a railroad train, the case is within the provisions of the act of April 4, 1868, P. L. 58, and the company is exempt from liability.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS and MITCHELL, JJ.

No. 183 January Term 1890, Sup. Ct.; court below, No. 538 September Term 1887, C. P. No. 2.

On November 5, 1887, Thomas Fleming and Annie, his wife, brought trespass against the Pennsylvania Railroad Co., to recover damages for the death of their son, Michael Fleming, alleged to have been caused by the negligence of the defendant company's employees. Issue.

At the trial on October 10, 1889, the plaintiffs' case in chief was to the following effect:

The defendant company entered into a contract with Bailey & Nelson, contractors, for the widening of a portion of its roadbed. To perform their work, the contractors were required to construct a four-track arch to carry the railroad over a township road at a point about 50 feet east of the station at Malvern. Michael Fleming was employed by Bailey & Nelson, as a laborer, and on September 20, 1887, he was set to work wheeling bricks from the pile near the station to the place where they were to be used at the culvert. As the most direct way, the bricks were wheeled upon planks laid between the railroad tracks carried over a temporary trestle at the culvert. The planks were so used with the knowledge of the track-men of the company. On the morning of September 21st, which was foggy, Fleming went to work about seven o'clock, and shortly before eight o'clock, just as he had dropped a load of brick between the tracks on the trestle and was turning to go back for another, he was struck by a train approaching at about thirty miles an hour, and killed. The train did not slow up on approaching the bridge, nor was any warning given by whistle or otherwise.

At the close of the plaintiff's testimony, the court, FELL, J., on motion of the defendant, entered a judgment of nonsuit, on the ground that the case came within § 1, act of April 4, 1868, P. L. 58, providing as follows:

" That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employee, the right of action and recovery in all such cases against the company shall be such only

Opinion of the Court.

as would exist if such person were an employee: Provided, That this section shall not apply to passengers."

A rule to show cause why the judgment of nonsuit should not be lifted having been argued before the court in banc, the rule was discharged, when the plaintiffs took this appeal, assigning the entry of the judgment and the discharge of said rule for error.

*Mr. Henry Budd* (with him *Mr. William C. Stoever*), for the appellants.

As to the applicability of the act of April 4, 1868, P. L. 58, counsel cited: Kirby v. Penna. R. Co., 76 Pa. 506; Mulherrin v. Railroad Co., 81 Pa. 366; Ricard v. Railroad Co., 89 Pa. 194; North Penna. R. Co. v. Kirk, 90 Pa. 16; Cummings v. Railway Co., 92 Pa. 82; Penna. R. Co. v. Price, 96 Pa. 256; Richter v. Penna. Co., 104 Pa. 511; Phila. Traction Co. v. Orbann, 119 Pa. 37; Balt. & O. R. Co. v. Colvin, 118 Pa. 230. That the negligence was not that of a fellow-servant: McGuire's Case, Macq. 307; McNorton v. Railroad Co., 33 L. T. 376; Baird v. Pettit, 70 Pa. 477; Penna. etc. R. Co. v. Mason, 109 Pa. 296; Garrahy v. Railroad Co., 25 Fed. R. 238; Lewis v. Seifert, 116 Pa. 647.

*Mr. David W. Sellers*, for the appellee, was not heard.

In the brief filed, counsel cited: Stone v. Railroad Co., 132 Pa. 206; Johnston v. Railroad Co., 114 Pa. 443.

PER CURIAM:

The learned judge below nonsuited the plaintiffs because the case came within the act of April 4, 1868, P. L. 58. In this we find no error.

Judgment affirmed.

On June 4, 1890, a motion for a re-argument was refused.